UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN SHALLOW,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; DOJ,

                Defendants.

25-CV-7645 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action asserting claims for identity theft, impersonation, and unauthorized use of his "special agent" credentials. By order dated September 23, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff states:

> WHY WAS SYLVIA MARLENE SHALLOW KNOWN AS JOYCE JOY ALLOWED TO COMMIT PERJURY 18 USC 1621 AT THE DRUG ENFORCEMENT AGENCY NEW YORK FIELD OFFICE (CLAIMING I SEAN SHALLOW IS ILLITERATE AFTER GRADUATING HIGHSCHOOL AND SCORING AN 89-99 ON THE MILITARY ASVAB TEST).
>
> FRAUDULENT DOCUMENT 18 U.S.C. § 1001 WAS CREATED CLAIMING I GAVE HER POWER TO DO MY JOB AND SELF APPOINT HER SELF AS HOPE AND CARLA DEBORAH SHALLOW KNOWN AS KAREN LA AS FAITH TO ASSIST AID AND ABET 18 U.S.C. § 2

(ECF 1 at 1-2.)

He continues:

> WHY WAS ERIC THAMM, ROBERT CAVA(CABA), SHAWN CARTER, WINSTON DONAVAN AKA CHILL AND GERALD AKA GEE VIA 18 U.S.C. § 2, ALLOWED TO USE MY CREDENTIALS TO 18 U.S.C. § 912 IMPERSONATE ME GROUP LEADER BOSS SEAN SHALLOW TO INCLUDE TRAING & DOING MY JOB. See U.S. SUPREME COURT CASE 22-5310. ERIC THAMM ALLEGEDLY MARRIED TO MELANIE TRUMP TEAM MEMBER TATYANA THAMM AKA TATTE LIKE THE BAKERY CAFÉ, DISCLOSURE TO ME THAT HE USED MY CREDENTIALS TO GET ROE V WADE OVER TURN, WAS THE PERSON IN THE ORGY PARTIES AND SPREAD DISEASES AFTER CARLA DEBORAH SHALLOW KNOWN AS LA KAREN FAITH TRIED TO CONVINCE ME THAT MY FATHER GOD DARK KNIGHT CHOOSE ERIC THAMM TO REPLACE ME. 18 USC 1001.

(*Id.* at 2.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff claims that, for more than 36 years, his salary and other payments have been "embezzled via RICO Act 18 U.S. Code § 664 within the United States Department of Justice." (*Id.*)

## DISCUSSION

**A.    Frivolous Claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon, among other things, his belief that Sylvia Marlene Shallow, also known as Joyce Joy, committed perjury and created fraudulent documents to impersonate him and perform his "special agent" duties.

A "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that he was the victim of a

3

decades-long conspiracy to deprive him of a salary from the Department of Justice. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. As such, his allegations must be dismissed as frivolous. *See, e.g., Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to terminate all pending motions and enter judgment dismissing this action.

SO ORDERED.

Dated:  September 25, 2025
        New York, New York

                                                                    Louis L. Stanton
                                                                      U.S.D.J.